Matthew P. Minser, Esq. (SBN 296344)
SALTZMAN & JOHNSON LAW CORPORATION
1141 Harbor Bay Parkway, Suite 100
Alameda, CA 94502
Telephone: (510) 906-4710
Email: mminser@sjlawcorp.com

Attorneys for Plaintiffs, Operating Engineers'
Health And Welfare Trust Fund for Northern California, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> VALLEY DEMOLITION, INC., a California Corporation; MONICA SALINAS, an individual, <br><br> Defendants. | Case No.: 4:21-cv-10039-JSC <br><br> **JUDGMENT PURSUANT TO STIPULATION** |

  IT IS HEREBY STIPULATED and AGREED (the "Stipulation") by and between the parties hereto that Judgment shall be entered in the within action in favor of Plaintiffs Operating Engineers' Health And Welfare Trust Fund for Northern California, et al. ("Plaintiffs" or "Trust Funds") and against Defendant Valley Demolition, Inc., a California and Monica Salinas, an individual, as follows:

  1. Defendant Valley Demolition, Inc. is (or was) signatory to and bound by the terms of Collective Bargaining Agreement ("Bargaining Agreement") with the Operating Engineers' Health And Welfare Trust Fund for Northern California (the "Union").

  2. Monica Salinas confirms that she is the CEO/Secretary/CFO of Defendant Valley Demolition, Inc. and is authorized to enter into this Stipulation on behalf of Defendant Valley

1

Demolition, Inc.

3. Monica Salinas ("Guarantor") also confirms that she is personally guaranteeing the amounts due herein. Defendant/Guarantor Monica Salinas and Defendant Vally Demolition, Inc. (collectively, "Defendants") specifically consent to the Court's jurisdiction, as well as to the use of a Magistrate Judge for all proceedings, including entry of judgment herein. Defendants further confirm that all successors in interest, assignees, and affiliated entities (including, but not limited to, parent or other controlling companies), and any companies with which Defendant Valley Demolition, Inc. joins or merges, if any, shall also be bound by the terms of this Stipulation as Guarantors. This shall include any additional entities in which Guarantor is an officer, owner or possesses any controlling ownership interest. All such entities shall specifically consent to the Court's jurisdiction, the use of a Magistrate Judge for all proceedings, and all other terms herein, in writing, at the time of any assignment, affiliation or purchase.

4. Defendants are currently indebted to the Trust Funds as follows:

| Audit (1/1/14 – 12/31/17) | Contribution Underpayments: | $2,860.12 |
|---|---|---|
| | 20% Liquidated Damages: | $572.02 |
| | 10% Interest (through 2/26/21): | $1,876.44 |
| | Additional Interest (2/27/21 – 3/1/22) | $287.04 |
| | **Subtotal (Audit 1/1/14 – 12/31/17):** | **$5,595.62** |
| | Attorneys' Fees (through 2/1/22): | $3,519.00 |
| | Costs (through 2/1/22): | $402.00 |
| | **Subtotal (Attorneys' Fees and Cost):** | **$3,921.00** |
| | **GRAND TOTAL:** | **$9,516.62** |

## REQUIREMENTS UNDER THE TERMS OF THIS STIPULATION

5. **Notice requirements** pursuant to the terms of this Stipulation are as follows:

a) Notices to Defendants: Valley Demolition, Inc and Monica Salinas, 1615 B. South 7th Street, San Jose, CA 95112, PO Box 270075, San Jose, CA 95037; Email: mos389@g.harvard.edu

b) Notices to Plaintiffs: Matthew P. Minser, Saltzman & Johnson Law Corp., 1141 Harbor Bay Parkway, Suite 100, Alameda, California 94502; Email: mminser@sjlawcorp.com, copy to compliance@sjlawcorp.com

6. The requirements pursuant to the terms of this Stipulation are as follows:

        a)    **Monthly Payments**: Defendants shall pay the amount of **$8,944.60**, representing all of the above amounts, less *conditionally waived* liquidated damages in the amount of **$572.02** Payments in the amount of **$787.00 per month** shall begin on May 15, 2022, and continue on or before the 15th of each month thereafter **for a period of twelve (12) months**. Plaintiffs may require that Defendants pay electronically by ACH/wire transfer, or by cashier's check.

        i)    Defendants shall have the right to increase the monthly payments at any time and there is no penalty for prepayment.

        ii)    Payments shall be applied first to interest, at the rate of 10% per annum in accordance with the Bargaining Agreements and Trust Agreements. Interest shall begin to accrue on March 2, 2022.

        b)    **Contributions:** If Defendants are signatory to the Union, or if an obligation for Defendants to contribute to the Plaintiff Trust Funds otherwise arises[1] then Defendants shall remain current in reporting and payment of contributions due to Plaintiffs under the terms of the Collective Bargaining or other related Agreement(s).

        c)    **Audit:** If Defendants are signatory to the Union, or if an obligation for Defendants to contribute to the Plaintiff Trust Funds otherwise arises, then Defendants shall comply with the Trust Funds' request for an audit of Defendants' payroll records pursuant to the requirements of Defendants' Collective Bargaining and/or other related Agreement and/or the Plaintiffs' Trust Agreements, Defendants must contact the auditor within seven days of receiving notice, and must schedule the audit as requested. Defendants must fully comply with the audit by keeping the scheduled appointment for the audit and making all documentation requested by the auditor available for inspection.

        i)    In the event that amounts are found due to Plaintiffs as a result of the audit, Plaintiffs shall send a copy of the audit report and written demand for payment to Defendants. In the event that the audit findings are not contested, payment in full shall be delivered to Matthew P. Minser at the address provided above within ten days of the date of the demand letter.

---

[1] An example of a circumstance where such an obligation would arise is Defendants becoming signatory to a Project Labor Agreement ("PLA") requiring contributions to the Plaintiff Trust Funds as a condition of the PLA.

ii) In the event that Defendants dispute the audit findings, Defendants must provide the dispute in writing, with all supporting documentation, within ten days of the date of the demand. Defendants shall be notified as to whether revisions will be made to the audit. If revisions are not made, payment in full of the amount requested in the above-described demand letter, plus additional interest, will be immediately due. If revisions are made, payment in full of the revised amount shall be immediately due. Plaintiffs shall send a revised written demand for payment to Defendants. Payment in full shall be delivered to Mathew P. Minser at the address provided above within ten days of the date of the demand letter.

iii) If Defendants are unable to make payment in full, Defendants may submit a request to add the amounts found due to this Stipulation. If the Stipulation is so revised, Defendants shall execute the Amended Judgment or Amendment to Judgment within ten days of receipt. Failure to execute the revised agreement shall constitute a default of the terms herein.

iv) Failure by Defendants to fully comply with the audit, and/or submit either payment in full or a request to add the amounts due to this Judgment within ten days of receipt shall constitute a default of the obligations under this agreement. All amounts found due on audit shall immediately become part of this Judgment.

d) **Fees:** Defendants shall pay all additional attorneys' fees and costs incurred through Satisfaction of Judgment, whether or not a default occurs.

7. In summary, Defendants shall deliver the following payments and documents to Plaintiffs, at the following locations, on or before the following delivery deadlines, until this Stipulation has been fully satisfied:

| **Required Submissions** | **Delivery deadlines**[2] | **Delivery locations** |
|---|---|---|
| **Stipulated payments in the amount of $787.00** payable to *Operating Engineers' Health And Welfare Trust Fund for Northern California* | 15th day of each month (5/15/22-4/15/22) | Matthew P. Minser Saltzman & Johnson Law Corp. 1141 Harbor Bay Parkway, #100 Alameda, CA 94502 |
| **Current contribution** | If Defendants are | Electronically, via Employer Edge |

---

[2] If the Stipulation has not been fully satisfied by 2/15/22, all monthly submission requirements shall continue until all amounts have been paid and a Satisfaction of Judgment has been filed with the Court.

| Required Submissions | Delivery deadlines[2] | Delivery locations |
|---|---|---|
| reports and payments | signatory to the Union, or if an obligation for Defendants to contribute to the Plaintiff Trust Fund otherwise arises, then Defendants shall submit their current contribution reports pursuant to this section as required by the terms of that Agreement | Operating Engineers Trust Funds P.O. Box 3157 Hayward, CA  94540-3157  Plus copies to: compliance@sjlawcorp.com (subject: "Valley Demolition contribution reports") |

8. Failure to comply with any of the above terms, including submitting a payment that does not clear the bank, or failing to endorse a joint check provided for the payment of amounts due under the terms of this Stipulation including current contributions, shall constitute a default of the obligations under this Stipulation.

## DEFAULTS UNDER THE TERMS OF THIS STIPULATION

9. If default occurs, Plaintiffs shall make a written demand to Defendants to cure said default *within seven (7) days of the date of the notice from Plaintiffs*. In the event default is not cured within the required time frame, all amounts remaining due hereunder (after application of principal payments made, if any) shall be due and payable on demand by Plaintiffs. These amounts shall include any conditionally waived liquidated damages, additional (current) contributions/liquidated damages/interest (if applicable), and additional attorney's fees and costs incurred herein.

## MISCELLANEOUS PROVISIONS

12. The above requirements remain in full force and effect regardless of whether or not Defendants have ongoing work, whether Defendants' account with the Trust Funds is active, or whether Defendants are signatories to a Collective Bargaining Agreement with the Union.

13. Payments made by joint check shall be endorsed on behalf of Defendants prior to submission, and may be applied toward Defendants' monthly stipulated payment, provided that the issuer of the joint check is not requesting a release in exchange for the payment. Joint checks for which a release is requested may not be applied toward Defendants' monthly stipulated payment, but shall be deducted from the total balance owed under this Stipulation, provided the payment is for contributions

5

included in this Stipulation.

14. Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise Defendants as to the final amount due, including additional interest, any current contributions and related amounts, and all additional attorneys' fees and costs incurred by Plaintiffs, whether or not Defendants default herein. Any additional amounts due shall be paid in full with the final stipulated payment due on April 15, 2023.

15. The conditional waiver of liquidated damages shall be presented to the Board of Trustees for consideration only after all amounts due under the terms of this Stipulation are paid in full, and Defendants' account is otherwise current. If the waiver is granted, a Satisfaction of Judgment will be filed with the Court once all payments have cleared the bank. If the waiver is not granted, the liquidated damages will be immediately due. The waiver may be granted with further conditions, such as paying timely and remaining current for an additional period of time.

16. Defendants waive any notice of Entry of Judgment or of any Request for a Writ of Execution, and expressly waive all rights to stay of execution and appeal.

17. Any failure on the part of Plaintiffs to take any action as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach.

18. Defendants have represented that they do not intend to file for Bankruptcy protection. In the event that Defendants file for Bankruptcy protection, Defendants specifically agree that the amounts due hereunder, which are employee benefits and related sums, shall not be dischargeable. Defendants agree to reaffirm this debt, and will not request that the debt be discharged.

19. Should any provisions of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provisions shall be deemed not to be part of this Stipulation.

20. This Stipulation is limited to the agreement between the parties with respect to the unpaid and delinquent contributions and related sums enumerated herein, owed by Defendants to Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendants acknowledge that Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendants and control group members, as provided by Plaintiffs' Plan documents, Trust

Agreements incorporated into their Bargaining Agreements, and applicable laws and regulations.

21. This Stipulation contains all of the terms agreed to by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

22. This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

23. Defendants represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

24. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

**VALLEY DEMOLITON, INC.**

DATED: April 15, 2022     By: *Monica S. Salinas*
Monica Salinas,
CEO/CFO/Secretary


DATED: April 15, 2021     **MONICA SALINAS, Individually**

By: *Monica S. Salinas*
Monica Salinas

//
//
//
//
//

DATED: April 18, 2021

**OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND FOR NOR. CAL., ET AL**

By: /s/ Sonya Brown

Sonya Brown
Fringe Benefits Director for Operating Engineers Local 3 Trust Funds

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

DATED: April 19, 2022

GRANTED
Judge Jacqueline Scott Corley
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA